IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00326-KLM

NOEL CASTORENA,
ANGELES SALAS, and
ELIZABETH SANCHEZ, on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

EL TROMPITO, INC., doing business as El Trompito Taqueria,
ANTUNEZ HOLDINGS, INC., doing business as El Trompito,
LUIS ALFONSO ANTUNEZ, and
SILVIA ANTUNEZ,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Renewed Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment** [#36] (the "Motion"). The parties request that the Court approve the executed Settlement Agreement [#36-1], which resolves all of Plaintiffs' claims in this matter, some of which are brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

In the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see also*

*Sculte, Inc. v. Gandi*, 328 U.S. 108, 113 n.8 (1946); *Jarrad v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).   In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

## I.   Analysis

In *Baker v. Vail Resorts Management Company*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *3 (D. Colo. Feb. 24, 2014), the Court held that "[t]o approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." To demonstrate those factors, parties must generally describe the nature of and facts at issue in the action, show that the proposed settlement provides adequate compensation to the plaintiff, and provide for reasonable attorney's fees in the proposed settlement. *Id.* at *3-8. The Court addresses each of these factors in turn.

## A.   Bona Fide Dispute

The Court must first determine whether the parties have provided sufficient

information to determine whether a bona fide dispute exists. *Id.* at *1. "The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement." *Id.* Sufficient information regarding a bona fide dispute consists of the following: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Id.*

The parties have provided sufficient information in support of their assertion that a bona fide dispute exists. *Motion* [#36] at 3-7. In short, Plaintiffs claim that Defendants improperly failed to pay its hourly employees overtime wages for hours worked beyond forty each workweek and that Defendants unlawfully seized tips and gratuities restaurant patrons left for Plaintiffs. *Compl.* [#1] ¶¶ 2-3; *see also Motion* [#36] at 3-4. Defendants believe that all wages were properly paid but acknowledge that the disputed overtime hours were not recorded and are "therefore subject to dispute coloring settlement." *Motion* [#36] at 4. The parties have also provided the estimated computation of wages owed based on hours worked and the applicable wage for each Plaintiff in this matter: Noel Castorena, Angela Salas, and Elizabeth Sanchez. *Id.* at 4-7. In light of the foregoing and the parties' briefing, the Court finds that a bona fide dispute exists.

## B.    Fair and Equitable Settlement

Second, the Court determines whether the proposed settlement is fair and equitable to all parties concerned. *Baker*, 2014 WL 700096, at *2. In making this determination, the Court considers: "(1) whether the parties fairly and honestly negotiated the settlement; (2)

whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Id.*

Under the terms of the proposed Settlement Agreement, Defendants will pay Plaintiffs $39,000, of which Plaintiffs will retain $19,000 and the remainder of which will be paid to Plaintiffs' counsel for attorneys' fees and costs. *Motion* [#36] at 5-7, 10; *Settlement Agreement* [#36-1] ¶ 1. According to the Motion, the parties "believe that the recovery contained in the Settlement Agreement is more than what Plaintiffs would have recovered if they were compensated fully for all claims under the [FLSA], inclusive of liquidated damages, but less than full recovery if Plaintiffs were also awarded full damages for Plaintiffs' disputed claims under the Colorado Wage Claim Act for tips allegedly withheld and for civil damages under 26 U.S.C. § 7434, which claims were released, but not pleaded."[1] *Motion* [#36] at 7. The parties represent that the expense and duration of litigation when coupled with the complexity of the issues render this settlement fair. *Id.* at 7-9. Moreover, the parties are represented by experienced counsel who believe that the settlement is fair and reasonable. *Id.* at 8-9. Based on the foregoing, the Court finds that the parties have presented evidence that they fairly and honestly negotiated the settlement.

Next, the Court examines whether the settlement agreement undermines the purpose of the FLSA. *Baker*, 2014 WL 700096, at *2. The purpose of the FLSA is the

---

[1] The parties do not explain the circumstances underlying a potential claim pursuant to 26 U.S.C. § 7434. However, it appears that Plaintiffs were planning to, or were at least considering, filing an amended complaint that would add this claim, and that the Settlement Agreement also precludes the future assertion of any claim under 26 U.S.C. § 7434.

protection of employees' rights vis-à-vis employers who generally wield superior bargaining power. *Id.* A settlement agreement's compliance with the FLSA depends on these factors: (1) presence of other similarly situated employees; (2) a likelihood that the plaintiffs' circumstances will recur; and (3) whether the defendants had a history of non-compliance with the FLSA. *Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227,1244 (M.D. Fla. 2010)). There appear to be no other similarly situated employees who have sought to join this action, and there is no indication that Defendants' alleged failure to comply with the FLSA represents a continuing violation or is part of widespread conduct.[2] *Motion* [#36] at 7-10. Moreover, Plaintiffs are no longer employed by Defendants. *Compl.* [#1] ¶¶ 8-10. Finally, the Settlement Agreement contains no confidentiality provision, and thus the terms of the settlement are public. *Motion* [#36] at 7. The case therefore gives notice to future plaintiffs of prior allegations of defendants' improper conduct. *Baker*, 2014 WL 700096, at *2 (citing *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases)). The Court therefore finds that the Settlement Agreement is fair and equitable.

## C.    Reasonable Attorneys' Fees

Finally, the Court determines whether the proposed settlement awards reasonable attorneys' fees. *Baker*, 2014 WL 700096, at *3. To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S.

---

[2] This case was asserted as a putative class action, but it settled before conditional certification as a collective action was approved by the Court. Nevertheless, this factor remains applicable despite the fact that the case was not certified as a collective action. *See Baker*, 2014 WL 700096, at *2 (similarly examining this factor even though the plaintiff had not sought conditional certification as a collective action).

424, 433 (1983); *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002).  A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433.  To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted).  Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250.  "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice.  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Plaintiffs had two lawyers represent them in this lawsuit: Attorney Andrew H. Turner and Attorney M. Jeanette Fedele.  According to the billing records submitted by the attorneys, they each charged $280.00 per hour in this matter. [#31-2, #31-3].  The Court finds that the hourly rate of $280.00 is reasonable.  *See, e.g.*, *Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, No. 11-cv-02118-KLM, 2012 WL 1431371, at *2 (D.Colo. Apr. 24, 2012).

A party seeking an award of attorney's fees must demonstrate that the expenses it seeks are reasonable.  *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007).  Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  Generally, the starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Id.* at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461 U.S. at 436-37.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall.  *Id.* at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be

reasonably related to the type and significance of issue in dispute). Here, the two attorneys billed a total amount of $34,356 in fees for 123.7 hours of work and incurred an additional $565.76 in costs. [#32-2] ¶ 11. They seek to recover $20,000.00 out of the combined billed fees and costs of $34,921.76. *Motion* [#36] at 10. This represents 57.27% of the amount billed. *Id.* Based on the undersigned's twenty-nine years of combined private and judicial experience and careful consideration of attorneys' affidavits [#31-2, #31-3] and the issues underlying this matter, the Court finds that payment of $20,000.00 for attorneys' fees and costs is reasonable here.

## II. Conclusion

Thus, after reviewing the Motion and proposed Settlement Agreement, the Court finds that the litigation involves a bona fide dispute, that the proposed Settlement Agreement is fair and equitable to all parties concerned, and that the proposed settlement awards reasonable attorneys' fees and costs. The Court therefore approves the parties' Settlement Agreement.

The parties' joint Motion also requests that the Court, upon approval of the Settlement Agreement, dismiss this action with prejudice. *Motion* [#36] at 1. Thus, the Court dismisses this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#36] is **GRANTED**.

IT IS FURTHER **ORDERED** that this case is **DISMISSED with prejudice** in its entirety.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **CLOSE** this case.

Dated:  November 3, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge